IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON B. TIFFIN, | : | CIVIL ACTION NO. **1:CV-13-0851** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| USP-LEWISBURG WARDEN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On March 22, 2013, Jason B. Tiffin ("Petitioner"), currently an inmate at United States Penitentiary- Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus with attached Exhibits, pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 2). On April 9, 2013, we issued an Order to Show Cause, directing the Respondents to file a Response to the Petition. (Doc. 13). On April 26, 2013, Respondents filed that Response. (Doc. 16). Subsequently, on May 10, 2013, Petitioner filed a Traverse, and then on May 28, 2013, filed a supplement to that traverse. (Docs. 17-18). As such, the Petition is now ripe for review.

Petitioner initially named as Respondent D.B. Drew, the warden at FCC Coleman, where he was previously incarcerated, along with BOP Director Charles Samuels Jr., and Designation and

---

[1]We note that Petitioner originally filed his Petition in the District Court for the Middle District of Florida, as he was then incarcerated at FCC Coleman, located in Coleman, Florida. When he was transferred to USP Lewisburg, the Middle District of Florida properly ordered the Petition transferred to the Middle District of Pennsylvania, where he is now incarcerated, on April 3, 2013. (Doc. 6).

Sentence Computation Center ("DSCC") Superintendent Jose Santana. After Petitioner was transferred to USP-Lewisburg and the Middle District of Florida transferred his habeas petition, the Respondent was substituted for the warden of USP Lewisburg.[2]

## II. Factual Background.

On November 28, 2005, Petitioner was arrested in Vancouver, Washington as the result of possessing body armor, shotgun ammunition, and an illegally-modified shotgun as a felon. (Doc. 16, p.4). Two days later, on November 30, 2005, Petitioner was released on bond from those state charges. On December 21, 2005, the Longview Police Department responded to a call involving Petitioner, and he was again found in possession of a firearm. He was arrested pursuant to a warrant for failing to appear and bail jumping, stemming from his November 2005 charges. (Id.)

On April 17, 2006, Petitioner was sentenced by the Clark County Court to 2 years, 5 months incarceration for charges of bail jumping. (Id. at p. 5). On June 1, 2007, after being released to federal custody on a Writ of Habeas Corpus Ad Prosequendum, he was sentenced in the District Court for the Western District of Washington to 10 years incarceration, for charges of Felon in Possession of Ammunition, Felon of Possession of a Firearm, and Felon in Possession of Body Armor. (Id.). At that time, Petitioner's sentence did not designate whether his state and federal sentences should run concurrently or consecutively. After he was sentenced in federal court, Petitioner was returned to state custody on June 11, 2007, to serve his state sentence. (Id.).

On August 24, 2007, Petitioner was released from that state sentence into federal custody, to begin serving his federal sentence. (Id.).

---

[2]*See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

### III. Allegations of Habeas Petition

In his Document 1 Habeas Petition, Petitioner basically alleges that his sentence has been wrongly computed by the BOP. He states, "Plaintiff at sentencing asked the federal judge to rule on concurrent or consecutive with the state because all charges federal and state were 100% related. The judge did not make a clear ruling and said he would leave it up to the state for concurrent or consecutive. The judge by not making a clear ruling left it open. The federal sentencing rules say if a federal judge does not make a clear ruling of consecutive it is to be considered concurrent." (Doc. 1, p. 3). Petitioner appears to be stating that his state and federal sentences should have run concurrently, and thus that his present federal incarceration should be significantly shorter based upon his time served in state prison.

As relief, Petitioner requests a declaratory judgment that "acts and omissions described herein violate his rights under the Constitution,"; "a preliminary and permanent injunction ordering Defendants...to award me *nunc pro tunc* or concurrent sentence and compute my sentence to reflect my time since 12-22-2005 and time spent in county jail or federal custody since 12-22-2005,"; and compensatory damages to pay for his court costs and filing fees. (Id. at p. 5).

### IV. Discussion.

As a preliminary matter, we find that inasmuch as Petitioner is challenging the BOP's computation of his federal sentences and is not seeking modification of his sentences imposed by the District Court for the Western District of Washington, he can proceed in a § 2241 habeas petition as opposed to a 28 U.S.C. §2255 motion to modify sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 620 (M.D. Pa. 1996), *aff'd*. 100 F. 3d 946 (3d Cir. 1996) (Table); *Hawk v.*

*Sherman*, 2008 WL 360897, * 6 (W.D. Pa.); *Sherman v. Lindsay*, 2007 WL 3119380 (M.D. Pa. 10-22-07); *Hawkins v. Holt*, 2007 WL 2022091 (M.D. Pa. 7-10-07); *U.S. v. Santiago*, 2010 WL 4536987 (M.D. Pa. 11-3-10)(Court found that §2241 was the proper vehicle to challenge a sentencing credit determination by the BOP and not a §2255 Motion).

Insofar as Petitioner attempts to classify his motion as arising under *Bivens*, pursuant to 28 U.S.C. § 1331, we find that his Petition should only be properly considered as a petition for habeas relief under § 2241. (*See* Doc. 1, p. 1). The Court in *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (internal citations omitted), stated:

> Although both § 1983 [and § 1331] and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention . . .. Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws**.**

As analyzed under *Leamer*, Plaintiff's claim relates to the duration of his present confinement in prison under the custody of the BOP, not any deprivation or violation of constitutional rights. As such, the instant Petitioner is incontestably a habeas petition, and we shall proceed with our analysis accordingly.

Initially, Respondent claims that the instant Petition should be dismissed for a failure to exhaust administrative remedies. (Doc. 16, p. 6-7). Respondents cite extensively to the Prison Litigation Reform Act ("PLRA"), which states that, "no action shall be brought with respect to prison

4

conditions under section 1983 of this title, **or any other federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added) 42 U.S.C. § 1997(e). As stated, however, the instant Petition challenges the duration of Petitioner's sentence, and it therefore, is only proper as a habeas petition, and not a § 1331 civil rights action. We find, therefore, the standards of the PLRA, *i.e.* a statutorily mandated exhaustion requirement, do not apply, and that the Respondent mistakenly relies on the PLRA in support if its exhaustion argument.

Section 28 U.S.C. § 2241, unlike many federal statutes, does contain an explicit statutory exhaustion requirement. In the absence of a statutorily mandated exhaustion requirement, however, many courts require a showing of exhaustion nonetheless, out of concern for "sound judicial discretion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Other Circuits have held, "As a general rule, in the absence of exception circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530-531 (4th Cir. 2010). Further, this Court has held that, "generally a writ of habeas corpus will not issue if the Petitioner has not exhausted his administrative remedies." *Matthias v. Hogan*, 2008 WL 913522 *4 (M.D. Pa. 2008); *see also Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (holding that it is well settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2441, administrative remedies must be exhausted); *Arias v. United States Parole Commission*, 648 F.2d 196 (3d Cir. 1981); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850 (3d Cir. 1976); *Soyka v. Alldredge*, 481 F.2d 303 (3d Cir. 1973).

Generally, courts have required exhaustion for three reasons: "(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (citing *United States ex rel. Marrero v. Warden, Leiwsburg Penitentiary*, 483 F.2d 656, 659 (3d Cir. 1973)). Further, courts should decline to require exhaustion, "when none of the basic goals [of the requirement] would be served." *Id*. Therefore, although the instant Petition is properly analyzed as a § 2241 habeas petition, we find that the exhaustion requirement nonetheless applies.

We take judicial notice of the BOP administrative remedy procedures, which existed at all federal prisons and at all material times Petitioner was incarcerated therein. Under that procedure, inmates are to present informal complaints to staff, and if a resolution is not successful they can file an appeal with the Warden, then the Regional Director, and then the Central BOP Office. It is not until an inmate has progressed his grievance through a final appeal with the Central Office that his remedies are considered exhausted, and only then can be properly file a petition for habeas relief. *See* 28 C.F.R. § 542.

Respondent's evidence shows that Administrative Remedy No. 693001-A1was the remedy Petitioner did, in fact file, in regards to receiving credit for his state sentence. (Doc. 16, Ex. 1, Attach A). Ultimately, Petitioner did appeal that remedy all the way to the BOP Central Office, however, he failed to include the necessary records with his appeal. Subsequently, on December 3, 2012, the Central Office rejected his appeal and gave him 15 days to properly re-file with the necessary

documents. (Doc. 16, Attach A-B). Respondent's evidence shows that Petitioner never re-filed his appeal with the BOP Central Office, and instead, filed the instant habeas petition on March 22, 2013. Therefore, Petitioner has not fully exhausted his administrative remedies.

In his Traverse, however, Petitioner appears to be arguing that he was precluded from exhausting all remedies. He writes, "Your honor, the point is I did everything more than once. I stated this at other USP's too, and am blocked or 'the mail never makes it'. So I can't get all my responses. But since they, "BOP Staff," make it not available, then I did exhaust all available remedies." (Doc. 17, p. 1). Petitioner states further, "With my Complaint, I sent copies of memos because I needed one at every level and other related papers to prove I filed. I also told the Court my wife has copies of cop-outs and other stuff to prove I did all I could and more than I should have...Barbara has tried to send me copies and a typed copy of my complaint, etc. etc., once mailed never reaches me." (Id.).

As evidence, Petitioner submits, attached to his Document 1 filing, as "Exhibit B," a response to his regional appeal of the warden's initial denial of his grievance dated October 5, 2012. That response states that his grievance requires additional review by the DSCC and that he would be notified of their pending analysis. On this response, Petitioner hand wrote the following, "Received by inmate on 10-19-12. Handed to Grafton at 3:00 on 10-22-12 to mail. Grafton was supposed to do a memo. Told me he would of. (sic) Lt. Phelps emailed him a # of times. The last time on 12-18-12 before I left [*i.e.* was transferred to USP Lewisburg]." (Doc. 1, p. 10). As Exhibit "C", Petitioner includes a letter from the USP Unit Manager to the Regional Administrative Remedy Coordinator requesting that Petitioner Tiffin be granted extended time to file his grievances. This letter

acknowledges that although Petitioner timely turned his appeal over to prison staff, they failed to mail the appeal, and thus, Petitioner's window to appeal expired. (Id. at p. 15).

Although Petitioner's exhibits do suggest that the staff at his various prisons of incarceration were negligent in assisting him in filing grievances , we point out that he was never actually prevented from filing those grievances.  In fact, as Respondent's evidence shows, he was able to file an appeal all the way up to the BOP Regional Office.  At worst, Petitioner's exhibits prove that such negligent conduct forced him to miss appeal deadlines.  Exhibit C, however, shows that the USP staff even took steps to remedy any negligence that may have resulted in Petitioner being unable to file grievance appeals.  As such, Petitioner's own exhibits only belie his claim as to an exception to the exhaustion requirement.  We do not find, therefore, that any such an exception applies here.  To the extent that Petitioner claims he has in fact exhausted all available remedies, we find that his exhibits do not corroborate such an assertion.  We conclude, therefore, that Petitioner has, in fact, failed to exhaust his available remedies at this time.

**III. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner Tiffin's Petition for Writ of Habeas Corpus **(Doc. 1)** be denied.

       **s/ Thomas M. Blewitt**
       **THOMAS M. BLEWITT**
       **United States Magistrate Judge**

**Dated: July 31, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON B. TIFFIN, | : | CIVIL ACTION NO. **1:CV-13-0851** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| USP-LEWISBURG WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 31, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: July 31, 2013**